**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| MAINE COAST MEMORIAL HOSPITAL, | |
| Plaintiff | |
| v. | |
| NORMA SARGENT, | Civil No. 05-13-P-C |
| Defendant | |
| NORMA SARGENT, | |
| Third-Party Plaintiff | |
| v. | |
| HARVARD PILGRIM HEALTH CARE, | |
| Third-Party Defendant | |

Gene Carter, Senior District Judge

### ORDER GRANTING THIRD-PARTY DEFENDANT HARVARD PILGRIM HEALTH CARE'S MOTION TO DISMISS

Plaintiff Maine Coast Memorial Hospital (hereinafter "Hospital") commenced this

action against Defendant Norma Sargent in the District Court of the State of Maine to

recover for allegedly unpaid medical bills.  Defendant Sargent filed a Third-Party

Complaint against her employer, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), and

Harvard Pilgrim Health Care (hereinafter "Harvard Pilgrim"), alleging that these entities

are responsible for paying her medical bills.  Wal-Mart is the sponsor of a Health and

Welfare Plan offered to Wal-Mart employees.  Following removal, the Court granted

Wal-Mart's Motion to Dismiss (Docket Item No. 18), leaving Harvard Pilgrim as the lone

Third-Party Defendant in this case.

Now before the Court is Harvard Pilgrim's Motion to Dismiss (Docket Item No.

21).  In its Motion, Harvard Pilgrim states that the claims asserted against it should be

dismissed for three reasons: (1) Harvard Pilgrim is not the appropriate Defendant for

Third-Party Plaintiff's claims; (2) Third-Party Plaintiff has failed to exercise the

administrative remedies afforded by the Plan; and (3) Third-Party Plaintiff has failed to

allege that she is an "eligible employee" under the Plan.  For the reasons set forth below,

the Court will grant Harvard Pilgrim's Motion.

## I.      Applicable Legal Standard

Harvard Pilgrim's Motion to Dismiss invokes Fed. R. Civ. P. 12(b)(6).  Harvard

Pilgrim is entitled to dismissal for failure to state a claim only if "it appears to a certainty

that the plaintiff would be unable to recover under any set of facts."  *State St. Bank &*

*Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001).  The Court must

"accept as true the well-pleaded factual allegations of the complaint, draw all reasonable

inferences therefrom in the plaintiff's favor, and determine whether the complaint, so

read, sets forth facts sufficient to justify recovery on any cognizable theory."  *TAG/ICIB*

*Servs. v. Pan Am. Grain Co.*, 215 F.3d 172, 175 (1st Cir. 2000).

## II.     Harvard Pilgrim as a Proper Defendant

Under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*

(hereinafter "ERISA"), Ms. Sargent may commence a civil action "to recover benefits

due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the

plan, or to clarify [her] rights to future benefits under the terms of the plan." *Id.* §

1132(a)(1)(B).  Ms. Sargent seeks damages equal to any damages found owing by her to

Plaintiff Hospital.  As such, she is seeking benefits that she contends were wrongfully

withheld under the terms of the Plan.  ERISA provides that "[a]ny money judgment under

this title against an employee benefit plan *shall be enforceable only against the plan as*

*an entity* and shall not be enforceable against any other person unless liability against

such person is established in his individual capacity under this title."  *Id.* § 1132(d)(2)

(emphasis added).

Ms. Sargent contends that Harvard Pilgrim is a proper Defendant because it is the

Administrator of the Plan.  *See* Amended Third-Party Complaint (Docket Item No. 19) ¶¶

2, 7.  Harvard Pilgrim denies this allegation and has provided the Court with the Wal-

Mart 2004 Associate Guide (attached as Exhibit A to Third-Party Defendant Harvard

Pilgrim's Motion to Dismiss), which contains the Summary Plan Description.[1]  Harvard

Pilgrim suggests this document supports its contention that it is not the Plan

Administrator.  The Court notes that the Plan Administrator named in the Summary Plan

Description is the Administrative Committee, Associates' Health and Welfare Plan.

Nowhere is Harvard Pilgrim listed as an administrator or fiduciary in the Summary Plan

Description.

---

[1] Ordinarily, in deciding a motion to dismiss, a court may not consider any document outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment.  *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).  There is a narrow exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."  *Id.; see also Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002) ("when the factual allegations of a complaint revolve around a document whose authenticity is unchallenged, that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).") (citations and internal quotation marks omitted).  Ms. Sargent has not objected to the authenticity of the Plan sections provided by Harvard Pilgrim, and the Court is satisfied that the provisions of the Plan submitted by Harvard Pilgrim are central to Third-Party Plaintiff's claim.

For alternative support of her position, Ms. Sargent has provided the Court with a

letter to her from Harvard Pilgrim dated October 3, 2000 (attached as Exhibit A to Third-

Party Plaintiff's Response to Harvard Pilgrim's Motion to Dismiss (Docket Item No.

22)), approving coverage for certain claims.  Plaintiff contends, without citing any

authority, that this letter suggests that Harvard Pilgrim is acting as a fiduciary.  The Court

finds no merit to this position.  The Court once again reiterates that the "'the proper party

defendant in an action concerning ERISA benefits is the party that controls

administration of the plan.'"  *Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998)

(quoting *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997)).

Because Harvard Pilgrim does not control the administration of the Plan at issue, and

because it is not a fiduciary, Ms. Sargent's Complaint fails to state a claim against

Harvard Pilgrim.[2]

### III.    Motion for Stay

In her Response to Harvard Pilgrim's Motion to Dismiss, Ms. Sargent anticipates

the likelihood that the Court will remand this case to state court due to the absence of any

remaining federal claim if the Court grants Harvard Pilgrim's Motion to Dismiss.  In such

a scenario, Ms. Sargent requests that the Court stay its remand order for fifteen days to

allow Ms. Sargent the opportunity to amend her Complaint to state a claim against a

proper Plan Defendant.  The Court is satisfied that a fifteen day stay of a remand order

will not prejudice any party to this case.

---

[2] Because the Court rules that Harvard Pilgrim is not a proper Defendant, it does not reach the issues of exhaustion of administrative remedies or whether Ms. Sargent is an eligible employee under the Plan.

4

5

### IV.      Conclusion

For the reasons set forth above, it is **ORDERED** that Third-Party Defendant

Harvard Pilgrim's Motion to Dismiss be, and it is hereby, **GRANTED** and the Third-

Party Complaint against Harvard Pilgrim be, and it is hereby, **DISMISSED**.  It is

**FURTHER ORDERED** that all further proceedings in this case are **STAYED** for a

period of fifteen days from the date this Order is docketed to allow Third-Party Plaintiff

the opportunity to amend her Complaint.

/s/ Gene Carter
**GENE CARTER**
United States Senior District Judge

Dated at Portland, Maine this 10th day of May, 2005.